| | |
|---|---|
| District Court, County of Denver<br>Court Address: 1437 Bannock Street<br>Denver, Colorado 80202<br>Phone: (720) 865-7800 | **EFILED Document**<br>**CO Denver County District Court 2nd JD**<br>**Filing Date: Sep 27 2012 08:16PM MDT**<br>**Filing ID: 46696477**<br>**Review Clerk: Matthew Palmer** |
| **PLAINTIFFS: ANNETTE HENSON,** an individual**,** and **RANDALL SUBA,** an individual**.**<br><br>v.<br><br>**DEFENDANTS: TOYOTA MOTOR SALES, U.S.A., INCORPORATED (TMS), TOYOTA MOTOR CORPORATION (TMC), a foreign corporation authorized to do business in the State of Colorado, TOYOTA MOTOR NORTH AMERICA, INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA INC. ("TEMA"), and GEPHARDT AUTOMOTIVE, a Colorado company.** | COURT USE ONLY<br>Case Number:<br><br><br>Division: |
| **Attorneys for Plaintiffs:**<br>Richard C. Casey, Esq.<br>5460 S. Quebec Street, Suite 388<br>Greenwood Village, CO 80111<br>Phone:  303-740-7900          email: rcaseylaw@gmail.com<br>Fax: 303-740-7937          Atty. Reg. #39011 | |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW the Plaintiffs, Annette Henson and Randall Suba, by and through their attorney, Richard C. Casey, and submit the following Complaint and Jury Demand as follows:

**JURISDICTION AND VENUE**

1. Plaintiffs are residents of Arapahoe County, Colorado.

2. Defendant Toyota Motor Sales, U.S.A., Incorporated ("TMS"), is a foreign corporation with its principal place of business in the State of California. TMS is authorized to do business in the State of Colorado and was in fact doing business in Colorado during all relevant times referenced in this Complaint.

3. Defendant Toyota Motor Corporation ("TMC"), is a foreign corporation with its principal place of business in Japan who was authorized to do

1

EXHIBIT A

business in the State of Colorado and was in fact doing business in Colorado during all relevant times referenced in this Complaint.

4. Defendant Toyota Motor North America, Inc., is a foreign corporation with its principal place of business in the State of New York who was authorized to do business in the State of Colorado and was in fact doing business in Colorado during all relevant times referenced in this Complaint.

5. Defendant Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA"), is a foreign corporation with its principal place of business in the State of Kentucky who was authorized to do business in the State of Colorado and was in fact doing business in Colorado during all relevant times referenced in this Complaint.

6. Gephardt Automotive is a Colorado company located at 3150 28th Street, Boulder, CO 80301.

7. Venue is appropriate pursuant to C.R.C.P. 98(c) as this lawsuit involves a tortious act and TMS is a nonresident that can be served in Denver County.

8. Jurisdiction is appropriate pursuant to C.R.S. § 13-1-124(1)(b) as this lawsuit involves tortious acts.

## GENERAL ALLEGATIONS

9. This action arises from a products liability claim by Plaintiffs against Defendants.

10. Plaintiff Annette Henson is the owner of the subject 2003 Toyota RAV4 ("RAV4"), VIN number JTEHH20V830195316 made and manufactured by Defendants.

11. In the course of their business Defendants developed, designed, tested, manufactured and/or sold the RAV4.

12. In the ordinary course of business, Defendants sold the RAV4 to Ms. Henson.

13. Upon information and belief Ms. Henson purchased the vehicle from Defendant Gebhardt Automotive in or around January, 2006.

14. Neither Plaintiff engaged in any maintenance, repair or alteration of the RAV4 from the time it was purchased to the time of the accident.

15. Additionally, neither Plaintiff was involved in any abnormal or improper use of the RAV4 from the time it was purchased to the time of the accident.

16. Based on Plaintiffs' information and belief, other than routine maintenance work and oil changes, no persons or entities other than Defendants in this action were engaged in any maintenance, repair or alteration of the Rav4 nor in any abnormal or improper use of the vehicle from the time it was purchased to the time of the accident.

17. Gasoline is a highly volatile, flammable and dangerous fuel. When it is used to power a vehicle such as the RAV4, it, and other flammable fluids, must be contained within a properly designed, tested, manufactured and maintained fuel system.

18. When properly designed, tested, manufactured and maintained, the fuel system should remain a closed system in the ordinary course of use of the product. In said closed system, fuel, nor other flammable fluids, should not leak, escape or be released in any way which could lead to ignition of fuel outside of the engine while the product is used in a foreseeable manner.

19. On September 28, 2010, Plaintiff Annette Henson was driving the RAV4, and her husband, Plaintiff Randall Suba was a passenger.

20. Upon arriving at their destination, the Quincy Reservoir, located in Arapahoe County, Colorado, Mr. Suba got out of the vehicle with the couple's dogs.

21. When Ms. Henson attempted to park the car, the accelerator pedal became stuck and caused the RAV4 to accelerate out of control.

22. Despite Ms. Henson's repeated attempts to use the brake pedal to stop the RAV4, the vehicle continued to accelerate out of control.

23. The RAV4 then crashed into a chain link fence, over a ditch and down the nearby hill.

24. The RAV4 then crashed into a concrete wall which was part of the park's reservoir spillway and caught on fire.

25. During this time Mr. Suba continually attempted to get Ms. Henson out of the moving RAV4 and was eventually able to pull her out. Mr. Suba's efforts caused him to suffer third-degree burns over parts of his body.

26. As a result of the fire Henson suffered severe third degree burns to over 30% of her body.

27. The RAV4 subsequently exploded and the car and responding police and fire personnel put out the fire.

28. Plaintiff Henson was transported by airlift and by ambulance to University of Colorado Hospital and Plaintiff Suba was taken by ambulance to University of Colorado Hospital for treatment of their injuries.

## FIRST CLAIM FOR RELIEF
### (Strict Liability-Against all Defendants)

29. Plaintiffs incorporate those allegations set forth in paragraphs 1 through 28 in this Complaint.

30. Upon information and belief, Defendants were the manufacturers of the RAV4 and was engaged in the business of designing, developing, testing, manufacturing and selling the vehicle. At the time Defendants sold the RAV4, it was defective and, because of those defects, it was unreasonably dangerous to persons who might reasonably be expected to use or be affected by the RAV4.

31. The RAV4 was defective at the time it was sold by Defendants and left their control.

32. The RAV4 was expected to reach the consumer without substantial change in the condition in which it was sold and did in fact reach the users and consumers without substantial change in the condition in which it was sold.

33. Plaintiffs were people who would reasonably be expected to use or be affected by the RAV4.

34. The RAV4 was defective and unreasonably dangerous because it created a risk of harm to a person which would not ordinarily be expected and which is not outweighed by the benefit achieved by its design.

35. The RAV4 was defective and unreasonably dangerous because adequate warnings and instructions for the safe use of the RAV4 were not provided.

36. As a direct and proximate result and consequence of the conduct of Defendants and the defective and unreasonably dangerous nature of the lift, Plaintiffs suffered physical, psychological and emotional injuries; permanent disfigurement and functional impairment; pain and suffering; loss of quality of life; and have incurred hospital, medical, rehabilitative

4

and modified living expenses, as well as the loss of income and loss of earning capacity. Plaintiffs will continue to incur these loses in the future.

## SECOND CLAIM FOR RELIEF
### (Negligence (Direct and Vicarious Liability)-Against Against TMS, TMC, TEMA, and Toyota Motor North America, Inc.,)

37. Plaintiffs incorporate those allegations set forth in paragraphs 1 through 36 in this Complaint.

38. Defendants were negligent in failing to exercise reasonable care to prevent the RAV4 from creating an unreasonable risk of harm to persons who might reasonably be expected to use or be affected by the RAV4 while it was being used in a manner which Defendants might reasonably have expected.

39. Defendants were negligent in failing to exercise reasonable care to warn users of the RAV4 of the risk of harm associated with the foreseeable use of the vehicle.

40. The negligence of Defendants also includes vicarious liability for the negligence of its employees, agents and representatives, under its supervision and control, who were acting in the course and scope of their employment.

41. Defendants were negligent in failing to reasonably and safely design, test and manufacture the RAV4 including the fuel system and the accelerator.

42. As a direct and proximate result and consequences of the negligence of Defendants, Plaintiffs have suffered injuries, damages and losses as more fully set forth herein.

## THIRD CLAIM FOR RELIEF
### (Breach of Implied Warranties- Against all Defendants)

43. Plaintiffs incorporate those allegations set forth in paragraphs 1 through 42 in this Complaint.

44. Defendants were merchants with respect to the RAV4. The RAV4 was not of merchantable quality at the time of its sale.

45. This breach of warranty caused Plaintiffs injuries, damages and losses as more fully set forth herein.

**FOURTH CLAIM FOR RELIEF**
**(Negligent Design-Against Against TMS, TMC, TEMA, and Toyota Motor North America, Inc.,)**

46. Plaintiffs incorporate those allegations set forth in paragraphs 1 through 45 in this Complaint.

47. At the time the RAV4 was designed and placed into the stream of commerce by Defendants as a new vehicle, it contained latent design defects which were unreasonably dangerous when sold to the general public. In particular that the RAV4 accelerator became stuck when pressure was applied and that the fuel system was unreasonably dangerous.

48. As a result of the latent design defect, the RAV4 was rendered an unreasonably dangerous product and failed to perform as safely as an ordinary consumer would expect when utilizing the vehicle in an intended, expected, and/or reasonably foreseeable manner and/or the risk of unreasonable danger in the design of the vehicle outweigh the benefits of its design.

49. The latent design defects in the RAV4 were the direct, proximate and foreseeable cause of the injuries and damages suffered by Plaintiffs losses as more fully set forth herein.

**FIFTH CLAIM FOR RELIEF**
**(Negligent Manufacturing-Against Against TMS, TMC, TEMA, and Toyota Motor North America, Inc.,)**

50. Plaintiffs incorporate those allegations set forth in paragraphs 1 through 49 in this Complaint.

51. At the time the RAV4 was manufactured and placed into the stream of commerce by the Defendants it contained manufacturing defects which were unreasonably dangerous when sold to the general public. In particular that the RAV4 accelerator became stuck when pressure was applied and that the fuel system was unreasonably dangerous.

52. As a result of the manufacturing defects, the RAV4 failed to perform as safely as an ordinary consumer would expect when utilizing the vehicle in an intended, expected, and/or reasonably foreseeable manner. The manufacturing defects in the RAV4 were the direct, proximate and foreseeable cause of the injuries and damages suffered by Plaintiffs.

## SIXTH CLAIM FOR RELIEF
**(Negligent Failure to Warn-Against Against TMS, TMC, TEMA, and Toyota Motor North America, Inc.,)**

53. Plaintiffs incorporate those allegations set forth in paragraphs 1 through 52 in this Complaint.

54. At the time the RAV4 was placed into the stream of commerce by Defendants it lacked proper warnings and/or contained defective warnings which rendered the vehicle unreasonably dangerous to the general public in that the accelerator pedal stuck to the floor of the vehicle and the fuel system was not designed in a safe manner.

55. At all times material hereto, the RAV4 was maintained and inspected and the warnings read and comprehended as often and completely as a reasonably prudent person would have done under the same or similar circumstances and at no time material hereto was the vehicle subjected to any unintended and/or unforeseeable conditions.

56. At all times material hereto, the manufacturing and design defects in the RAV4 involved a substantial danger that would not be recognized by an ordinary user of the vehicle.

57. At all times material hereto, these dangers were known or knowable by Defendants in light of the generally recognized and prevailing best scientific knowledge available at the time of the design, manufacture and distribution of the vehicle.

58. At all times material hereto, Defendants had a duty to provide adequate warnings on how to use, maintain, recognize and appreciate the dangers inherent in the vehicle.

59. At all times material hereto, Defendants failed to give adequate warnings of the dangers associated with the RAV4 to the public.  As a result of the lack of and/or defective warning(s) the vehicle failed to perform as safely as an ordinary consumer would expect when utilizing the vehicle in an intended, inspected, and/or reasonably foreseeable manner and/or the risk of danger inherent and lack of/or defective warning(s) on or with the vehicle outweigh the benefits of the warning(s) design and the use of the vehicle.

60. The lack of and/or defective warnings on or with the vehicle was a direct, proximate and foreseeable cause of the injuries and damages suffered by Plaintiffs as more fully set forth herein.

**WHEREFORE** Plaintiffs respectively request that this Honorable Court enter judgment in favor of Plaintiffs and against Defendants in such sum as will reasonably compensate them for their injuries, damages and losses, together with interest, costs, attorney fees, and any other further relief the Court feels is justified.

PLAINTIFFS RESPECTFULLY REQUEST THAT THIS CASE BE TRIED BY A JURY OF SIX PERSONS.

Respectfully submitted this 27th day of September, 2012.

              (Original signature on file)

              /s/ Richard C. Casey
              Richard C. Casey, #39011
              Attorney for Plaintiffs

Plaintiffs' Address:
15685 E. Atlantic Circle
Aurora, CO 80013